# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## DAVID H. WALLACE AND ALFRED S. MALCOMSON, RESPONDENTS, v. THE AMERICAN LINEN THREAD COMPANY, APPELLANT.

*Code, § 385 — the judgment, not the verdict determines the right to costs — Verdict on feigned issue — power of court, at Special Term, to approve or set it aside or find the facts itself.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

This action was brought to enjoin the defendants from infringing the plaintiffs' trade-mark, and to recover damages for the infringement already made. The Special Term framed certain issues and ordered them to be tried before a jury. They were brought down to trial at Circuit, and a verdict rendered by the jury, answering specifically the several questions contained in the issues. The case was afterwards brought to trial at Special Term, upon the pleadings and evidence in the case and the verdict of the jury. The jury had found that the defendant had knowingly used plaintiffs' trade-mark without their knowledge or consent; that the defendant did not use the same with intent to defraud; that the quantity of thread made by defendant with plaintiffs' trade-mark affixed was three hundred and forty pounds of the value of $340, and that the plaintiffs had sustained no damage by reason of the defendant's using such trade-mark. On the trial at Special Term the court in substance adopted the finding of the jury, that the defendant had knowingly used plaintiffs' trade-mark without their knowledge or consent, and the finding in respect to the quantity of thread made and sold; and held

that the finding that the defendant used the trade-mark without intent to defraud was immaterial, and rejected the finding on the question of damages. The court then proceeded to find other and additional facts, to wit: First, that the plaintiffs were at the time of the act complained of in the complaint, and still are selling a class of goods known as linen thread, having thereon the name, brand or trade-mark of the plaintiffs; second, that the profit made by the plaintiffs on thread similar to that sold by defendant with their trade-mark affixed was thirty-five cents per pound; and upon these facts found by the court, and upon the facts found by the jury and adopted by the court, the court decided as conclusions of law that the plaintiffs were entitled to an order perpetually restraining the defendant and its agents from using the plaintiffs' trade-mark or any imitation thereof, and that the plaintiffs were entitled to recover from the defendant the sum of $119, being the amount of profits that could be made on the quantity of thread sold by the defendant with their trade-mark affixed.

The court at General Term among other things said: "Before the trial the defendant had served an offer of judgment, to the effect that an injunction should issue according to the prayer of the complaint, and that plaintiffs recover damages against the defendant to the amount of $50, with the costs of the action." Section 385 of the Code of Procedure, section 738 of the Code of Civil Procedure, provides where such offer is served and not accepted. "If the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time." But in this case the plaintiffs have recovered a more favorable judgment than that offered. The verdict of the jury was less favorable, but it is the judgment of the court to which the Code looks, and which must be controlling as to the right to recover costs. It is claimed by the appellant that the verdict of the jury upon the question of damages is conclusive, and that the court on the trial had no right to disregard that verdict and proceed to ascertain damages for itself. But the practice in such cases was definitely settled by the Court of Appeals in *Vermilyea* v. *Palmer* (52 N. Y., 471) to be substantially that which existed in chancery before the Code. In that case the court say: "If the order for trial

is made in an equitable action, it is a substitute for the old feigned issue, and the finding has the same and no greater force or effect, than a finding under that proceeding in chancery had.   Such a finding was used to inform the mind or conscience of the court. It was a means for the court to ascertain the facts for itself, and not as an independent adjudication; it was ancillary to the judgment of the court; the nature of the proceeding contemplated an approval by the court.   In ordinary trials by jury, it is the peculiar province of the jury, and not the court, to decide the facts. Courts may set aside verdicts as against the weight of evidence, but this power is restricted by fixed rules and within defined limits. Every intendment is in favor of the verdict, and it has a far more binding effect than the finding upon a feigned issue; the latter may or may not be adopted by the court.   The court may set the verdict aside and order a new trial, or find the facts itself and discharge the order, or it may qualify or alter the finding.   The practice upon feigned issues was fully considered in *Snell* v. *Loucks* (12 Barb., 385), by WILLARD, J."   The power of the Special Term, therefore, to disregard or reject the verdict of the jury, or any portion of it cannot be doubted, and it follows that this court is not at liberty to interfere with the judgment, on the ground that the court did not adopt the findings of the jury, on the issue sent down for trial, as conclusive.

The case is to be reviewed by us precisely as though the facts had all been found by the court, without the intervention of any jury.   The decision signed by the learned judge at Special Term adopts some portions of the verdict of the jury, and rejects other portions either in express terms or by necessary implication, and that decision is alone the subject of review upon this appeal.

*Edward Fitch Bullard*, for the appellant.   *A. Bell Malcomson*, for the respondents.

Opinion by DAVIS, P. J.; INGALLS, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment reversed; new trial granted; costs to abide event.